FILED

May 1ST
2018 APR 3 1 AM 11: 14

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**Civil Case Number:** _______________

5:18-cv-206-OC-30PRL

Michael and Kate McILhargey,

Plaintiffs,

v.

Genpact Services, LLC,

Defendant.

**COMPLAINT**

For this Complaint, Plaintiffs Michael and Kate McILhargey, by undersigned counsel, states as follows:

**JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA") and the Florida Fair Debt Collection Practices Act, 559.55-559.785.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiffs Michael and Kate McILhargey ("Michael," "Kate," and collectively, "Plaintiffs") are adult individuals residing in Dunnellon, Florida, are "consumer[s]" as the term is defined by 15 U.S.C. § 1692a(3), and are "person[s]" as defined by 47 U.S.C. § 153(39).

5. Defendant Genpact Services, LLC ("Genpact") is a New York business entity with an address of 1251 Avenue of the Americas, 41st Floor, New York, New York 10020, operates as a collection agency, is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

6. Within the last year, Genpact began placing calls to Michael's cellular telephone, number 352-xxx-7694, and Kate's cellular telephone, number 352-xxx-7689, in an attempt to collect the Debt.

7. At all times mentioned herein, Genpact placed calls to Plaintiffs' cellular telephones using an automatic telephone dialing system ("ATDS" or "predictive dialer.

8. When Plaintiffs answered calls from Genpact, they heard silence and had to wait on the line to be connected to the next available representative.

9. In or around September 2017, Plaintiffs spoke with a live representative and requested that all calls to both numbers cease.

10. Nevertheless, Genpact continued to place automated calls to Plaintiffs' cellular telephone numbers in an attempt to collect the Debt.

**COUNT I**

**VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *ET SEQ.***

11. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

12. At all times mentioned herein and within the last four years, Defendant called Plaintiffs on their cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

13. Defendant continued to place automated calls to Plaintiffs' cellular telephone after being directed by Plaintiffs to cease calling and knowing there was no consent to continue the calls. As such, each call placed to Plaintiffs was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

14. The telephone number called by Defendant was and is assigned to a cellular telephone service for which Plaintiffs incur charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

15. Plaintiffs were annoyed, harassed and inconvenienced by Defendant's continued calls.

16. The calls from Defendant to Plaintiffs were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

17. Each of the calls made by Defendant constitutes a violation of the TCPA.

18. Plaintiffs are entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

19. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiffs are entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

## VIOLATIONS OF THE FLORIDA FAIR DEBT COLLECTION PRACTICES ACT, 559.55-559.785

20. Plaintiffs incorporate by reference Paragraphs 1 through 10 of this Complaint as though fully stated herein.

21. The Defendant willfully communicated with Plaintiffs with such frequency as can reasonably be expected to harass Plaintiffs or willfully engaged in other conduct which can reasonably be expected to abuse or harass Plaintiffs, in violation of the Florida Fair Debt Collection Practices Act, 559.72(7).

22. Plaintiffs are entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that judgment be entered against Defendant:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Statutory damages pursuant to Fla Stat.§ 559.72;

D. Punitive damages pursuant to Fla Stat.§ 559.72;

E. Costs of litigation and reasonable attorney's fees pursuant to Fla. Stat. § 559.72 against the Defendant; and

F. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 27, 2018

Respectfully submitted,

By /s/ *Tamra Givens*

Tamra Givens, Esq.
Florida Bar No. 657638
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
tgivens@lemberglaw.com